# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 25-8111

**Case Name** Coronavirus Reporter Corporation, et al. v. Apple Inc.

**Counsel submitting this form** Keith Mathews, Esq.

**Represented party/parties** Coronavirus Reporter Corporation, et al.

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs are independent iOS developers. They allege Apple uses its control over the iPhone/iOS platform to require that iOS apps be distributed only through Apple's App Store and approved through Apple's proprietary notarization/code-signing gatekeeping.

Plaintiffs contend these restraints unlawfully tie iPhone hardware to separate, Apple-controlled aftermarkets for app distribution and "notary stamps," exclude would-be competing distribution channels, and impose recurring developer-program fees and restrictive contractual terms.

The complaint seeks injunctive and monetary relief under Sherman Act Sections 1-2 and related state-law claims (including California's Unfair Competition Law), and pleads extensive post-2021 conduct and industry developments that parallel the U.S. Department of Justice's 2024 monopolization allegations against Apple.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

Result below: On June 25, 2025, the district court (N.D. Cal., Judge Chen) dismissed the First Amended Complaint with prejudice, holding the claims barred largely on res judicata/claim-preclusion grounds arising from the earlier "CR I" action.

In related proceedings, the court denied Plaintiffs' anti-SLAPP motion and granted Apple's hybrid sanctions motion in part, imposed a pre-filing/leave-to-file restriction, and directed Apple to supplement its fee request.

Main issues on appeal include whether dismissal and related sanctions rulings were legal error where: (1) the operative complaint pleads substantial post-judgment conduct constituting new causes of action (Lawlor); (2) Greenflight is a new corporate plaintiff not a party to CR I and unable to be bound by any pro se appearance (Taylor/Rowland); (3) the core per se tying theory (iPhone -> App Store/notarization) was never adjudicated on the merits in CR I; and (4) the sanctions and filing restrictions improperly punish protected petitioning activity (including invocation of California anti-SLAPP protections) rather than adjudicating the antitrust merits.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Related proceedings include Petitioners' Ninth Circuit mandamus petition challenging the sanctions posture (No. 25-7761) and other Apple platform-antitrust cases, including the United States' 2024 monopolization action and several private developer suits raising similar gatekeeping/tying issues.

**Signature** /s/ Keith Mathews   **Date** 01/14/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

2