No. 25-8111

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

CORONAVIRUS REPORTER CORP., et al.,

*Appellant*,

*v.*

APPLE INC.,

*Appellee*.

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Edward M. Chen)
No. 3:24-cv-08660-EMC

_____

## MOTION TO DISMISS

_____

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 393-8200
JKleinbrodt@gibsondunn.com

*Attorneys for Apple Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned counsel of record certifies that Apple Inc. has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Dated: March 6, 2026

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt

Appellee Apple Inc. ("Apple") hereby moves to dismiss this appeal pursuant to Fed. R. App. P. 31(c) and Circuit Rule 42-1 in light of Plaintiffs' failure to file an opening brief or otherwise prosecute this appeal.[*]

This appeal arises from an order dismissing Appellants' antitrust claims under the doctrine of *res judicata*. D. Ct. Dkt. 82; *see also Coronavirus Reporter v. Apple Inc.*, 85 F.4th 948 (2023). Appellants filed their notice of appeal on December 22, 2025, D. Ct. Dkt. 104, and this Court ordered Appellants to file their opening brief no later than February 9, 2026. Dkt. 2.1 at 2. The Court advised Appellants that "[f]ailure . . . to comply with the time schedule order" could "result in automatic dismissal of the appeal." *Id.* at 3.

The February 9 deadline is long past, and Appellants have neither filed an opening brief nor sought any extension. *See* Ex. 1 (admitting "missed due date"). Indeed, Appellants have not even sought to file an out-of-time brief in the three weeks since their briefing deadline came due. As a result, Apple now faces an imminent March 10 deadline to file an Answering Brief without any Opening Brief to which it can respond. Appellants' failure to prosecute this appeal "is evidence of a lack of good faith and, failing extraordinary circumstances, it constitutes neglect which will not be excused." *Escobar-Ramos v. I.N.S.*, 927 F.2d 482, 485 (9th Cir.

---

[*] Apple contacted Appellants' counsel and they did not consent to this motion. *See* Ex. 1.

1991) (quoting *Gilroy v. Erie Lackawanna R.R. Co.*, 421 F.2d 1321, 1323 (2nd Cir. 1970)); *see also Shoup v. Tucson Unified Sch. Dist.*, 2018 WL 4381414, at *1 (9th Cir. July 3, 2018) (granting appellee's motion to dismiss appeal for failure to prosecute).

No extraordinary circumstances excuse Appellants' violation of the Court's Scheduling Order.  In fact, even as Appellants have abandoned this appeal, they have simultaneously pursued a mandamus petition arising out of the very same district court proceedings.  *See* No. 25-7761 (9th Cir.).  That petition, challenging a separate order finding Appellants had violated Rule 11, was summarily denied on January 28, 2026.  *Id.*, Dkt. 9.  While ignoring their briefing deadline in this case, Appellants then filed a petition for en banc rehearing of their mandamus petition on February 11 (i.e., two days after their missed deadline to file an Opening Brief in this appeal). *Id.*, Dkt. 11.  Such "conspicuous disregard . . . for case-processing rules" merits dismissal of this appeal.  *Escobar-Ramos*, 927 F.3d at 485 (quoting *Cmty. Coal. for Media Change v. FCC*, 646 F.2d 613, 616 n.3 (D.C. Cir. 1980)).

Appellants now appear to believe that it is "inefficient" to brief this appeal while their petition for a writ of mandamus is pending.  Ex. 1.  That belief did not relieve Appellants of their obligation to comply with the Court's scheduling order. And even setting aside that the Court already denied Appellants' mandamus petition,

this appeal arises from the dismissal of their claims—not the asserted "deferred/'staged' sanctions structure and related restraints" Appellants purport to challenge in their mandamus petition. *Id.* Appellants have identified no legitimate, let alone extraordinary, justification for their failure to prosecute this appeal in compliance with this Court's rules and orders.

For the reasons set forth above, Apple respectfully requests that the Court dismiss this appeal.

Dated: March 6, 2026

Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105
(415) 393-8200
JKleinbrodt@gibsondunn.com

*Attorneys for Apple Inc.*

3

## CERTIFICATE OF COMPLIANCE

I certify that this motion contains 552 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word.

Dated:  March 6, 2026                    Respectfully submitted,

                                         /s/ *Julian W. Kleinbrodt*
                                         Julian W. Kleinbrodt

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 6, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 6, 2026          Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt