**No. 25 - 8111**

---

**In the United States Court of Appeals
for the Ninth Circuit**

---

CORONAVIRUS REPORTER CORPORATION, CALID INC.,
and GREENFLIGHT VENTURE CORPORATION,

*Plaintiffs-Appellants,*

*v.*

APPLE INC.

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Northern District of California
No. 3:24-cv-08660 (Chen, J)

---

**OPPOSITION TO MOTION TO DISMISS & CROSS-MOTION TO STAY**

---

KEITH MATHEWS
AMERICAN WEALTH PROTECTION
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*

**INTRODUCTION**

Appellee Apple Inc. ("Apple") moves to dismiss this appeal based on a procedural overlap occurring while Appellants were prioritizing an En Banc Mandamus petition that challenges the foundational integrity of this case. Apple's motion seeks to once again evade a merits review of its anticompetitive conduct. For five years, the core tying claims in this case have remained unadjudicated. New *Lawlor* conduct which significantly mirrors the federal government's findings in *United States v. Apple Inc*. has also never seen the light of day. Apple now asks the Court to turn a brief coordination error into a permanent exemption from the Sherman Act.

This appeal arises in an increasingly untenable environment. Just days ago, on February 27, 2026, institutional shareholders (the *City of Hollywood Police Officers' Retirement System* v. *Tim Cook*) filed a derivative lawsuit against Apple's board and CEO. That suit alleges exactly what Appellants have argued for five years: that Apple's executives have utilized an "anticompetitive playbook" and improper techniques to evade the Sherman Act, thereby breaching their fiduciary duties and risking the company's wellbeing. Remarkably, Judge Chen sanctioned Appellants for requesting public input on Tim Cook's executive leadership role in orchestrating a playbook of Sherman Act evasion. It is a chilling paradox: Appellants were sanctioned for attempting to investigate Tim Cook's role in Sherman Act violations,

yet that very same conduct has now formed the basis of a major derivative action by Apple's own Police Officers pension fund shareholders. The new development by the Police Officers makes clear that not only would Appellant's request for public input have yielded similar concerns, it was unconscionable to sanction Plaintiffs for merely requesting public input. This external validation confirms that Appellants' Mandamus is not only colorable but addresses a matter of profound public and institutional concern, and it needs to be resolved *before* this appeal commences.

The striking alignment between Appellants' claims and those of the *City of Hollywood Police Officers'* proves that what the District Court labeled 'sanctionable' is, in reality, a matter of grave fiduciary and public concern. In the interest of fairness and judicial economy, the Court should deny dismissal and stay this appeal until the threshold structural questions currently before the En Banc Court are resolved.

## RELEVANT PROCEDURAL BACKGROUND

The Opening Brief was initially scheduled to be tendered by February 9, 2026. Prior to the deadline, Appellants engaged in internal discussions regarding how to structure a stay to avoid a potentially redundant (or worse, mooted) parallel track appeal while the Mandamus was pending. Due to the complexity of coordinating an En Banc petition, the opening brief in this appeal was deferred under an incorrect assumption that a streamlined thirty-day extension would be filed while working

with Apple on the larger efficiencies. Appellants promptly sought a stipulation for an abeyance on March 6, 2026, which Apple declined in favor of the instant Motion to Dismiss.

## ARGUMENT

### I. THE MANDAMUS IS COLORABLE AND VALIDATED BY INTERVENING INSTITUTIONAL LITIGATION

The necessity of the pending Mandamus (No. 25-7761) is further evidenced by the recent filing of *City of Hollywood Police Officers' Retirement System v. Tim Cook., et al.* No. 5:26-cv-01724 (N.D. Cal. Feb. 2026). In that action, the police officers' retirement fund alleges that Apple's "anticompetitive playbook" constitutes a breach of fiduciary duty and an intentional effort to obstruct antitrust enforcement.

These allegations mirror the very conduct Appellants were sanctioned for bringing to light—conduct that should have invoked the early procedural safeguards of California Code of Civil Procedure § 425.16 (Anti-SLAPP). When sophisticated institutional investors are raising the same Sherman Act evasion concerns in federal courts, it confirms that Appellants' challenge to the District Court's five-year non-adjudication of tying claims is a colorable and vital legal question. It is reasonable for Appellants to seek the completion of Mandamus review before being forced to embark on a merits appeal under an improper procedural framework.

**II.  THE IMPOSITION OF DEFERRED SANCTIONS (I.E. CALCULATED AFTER THIS MULTI-YEAR APPEAL) CREATES UNREASONABLE FINANCIAL RISK**

The deferred sanctions posture currently in place is an instrument of financial hardship created by Apple and endorsed by the Chen Court. By fixing liability now but deferring quantification until after all appellate review, the District Court has essentially granted Apple's counsel Gibson, Dunn & Crutcher LLP an open-ended invitation to accrue defense fees that Appellants may never be able to unring.

The costs of a complex antitrust appeal involving a firm of Apple's scale are immense. Big Law partner billing rates at firms like Gibson Dunn are reported to exceed $2,000 to $2,500 per hour in 2026. For a years long appeal involving hundreds of hours of briefing and argument, total defense fees can quickly surpass $5 million to $10 million. Forcing Appellants to proceed while the validity of these sanctions is still being reviewed by the En Banc Court and potentially the Supreme Court would inflict irreparable financial and reputational loss, and unnecessary hardship and stress. A stay is the only equitable mechanism to ensure that the litigation process itself does not become a tool for silencing valid antitrust challenges.

## III. BRIEFING MUST BE STAYED THROUGH FINAL REVIEW OF THE MANDAMUS

It is procedurally illogical to force Appellants to embark on a de novo FRCP Rule 12(b)(6) merits appeal while a Mandamus petition concerning the case's entire structural integrity is pending further review by the FRAP En Banc and/or certiorari procedures. If the Mandamus is granted, the entire merits appeal may be rendered moot or fundamentally altered. To require the parties to brief the merits now would result in considerable administrative waste and the accrual of unrecoverable legal fees. Consequently, the briefing schedule should be stayed until the En Banc court has ruled, and/or any subsequent petition to the Supreme Court has been resolved. Only then can the parties proceed with a clear understanding of the procedural and substantive landscape of the case, and ideally, free from oppressive sanctions (as California Anti-SLAPP legislation originally intended) targeting valid petitioning against the largest monopoly in history.

## IV. THE FAILURE TO APPLY ANTI-SLAPP PROTECTIONS INFLICTS IRREPARABLE HARM

The refusal to apply mandatory California Anti-SLAPP protections has stripped Appellants of a substantive right to be free from the burden of retaliatory litigation. The deferred sanctions structure bypasses these safeguards, creating a

review gap where the harm (reputational damage and financial hardship) is immediate and compounding, but the remedy is delayed indefinitely.

Forcing an appeal to proceed in this environment ensures that Apple can achieve yet another victory via technicalities and exhaustion, contrary to the plain merits of the antitrust claims. A stay is the only mechanism that preserves the Court's authority to repair these structural errors before the burden of the appeal becomes outcome determinative.

## V. THE INTERDEPENDENCE OF APPELLATE DOCKETS: APPLE'S ATTEMPT TO MOOT THE MANDAMUS BY DISMISSING THE APPEAL

The preservation of this appeal is equally essential to the efficacy of the pending Mandamus petition. By moving for dismissal, Apple is quietly attempting to short circuit the En Banc Court's review. If this appeal were to be terminated, Apple could argue that the Mandamus also falls, as it would have been rendered moot by the conclusion of the underlying proceeding. Dismissing this appeal now would allow Apple to backdoor a mootness argument into the pending En Banc Mandamus, effectively denying the En Banc Court of its jurisdiction over the structural integrity of this case. If necessary, the All Writs Act could be invoked to prevent such manifest interference of the circuit's own proceedings.

## VI.  THE DELAY WAS A FUNCTION OF SUBSTANTIVE DURESS, NOT PROCEDURAL NEGLECT

As set forth in the accompanying Declaration of Keith Mathews, the delay in filing the opening brief was not an act of neglect, but a byproduct of the complexity inherent in this record. Appellants were actively discussing the necessity of a stay well before the February 9 deadline, recognizing that the District Court's sanctions posture creates a unique environment where every procedural step increases an unquantified multimillion-dollar liability. To force Appellants into a merits briefing cycle while the threshold question of Anti-SLAPP immunity remains under en banc review (and while cases like *City of Hollywood vs. Apple* are currently alleging the same problematic conduct) would be to allow the 'chilling effect' of SLAPP litigation to succeed. The Declaration confirms that the delay was a direct result of these coordination efforts and a good faith attempt to protect the integrity of not only this case, but other related challenges to Apple's behavior.

## VII.  APPLE SUFFERS NO MATERIAL PREJUDICE UNDER THE AUTOMATIC STAY OF RULE 27

Apple's claim of immediate prejudice is legally hollow. In reality, Apple would benefit from the judicial economy of a stay, which avoids potentially redundant appellate briefing. Apple has conceded this appeal overlaps with the

mandamus subject matter. The only genuine prejudice Apple faces is the requirement that it eventually defend its conduct on the merits rather than securing a forfeiture on a procedural technicality. In a case involving significant questions of software distribution, censorship, and platform gatekeeping, the public interest and the interest of justice favor adjudication over an accidental and short delay in bringing this cross-motion.

Apple has not shown that dismissal, rather than a more routine scheduling remedy, is warranted. Under Fed. R. App. P. 3(a)(2), such delay "does not affect the validity of the appeal," and under Fed. R. App. P. 31(c) and Ninth Circuit Rule 42-1 dismissal is permissive, not mandatory. Apple's motion establishes only a missed briefing deadline, and Apple's motion itself explains why the deadline was missed. It does not establish abandonment, and it certainly does not establish the sort of "conspicuous disregard" Apple invokes from *Escobar-Ramos*. To the contrary, Apple's own Exhibit 1 shows that, once Apple announced its intent to seek dismissal, Appellants immediately requested a stipulated extension or abeyance and advised that, absent agreement, they would promptly seek relief from this Court. That record plainly supports corrective scheduling relief, not forfeiture of a timely appeal.

Apple's own filing affirmatively demonstrates that a stay, not dismissal, best serves judicial economy and fairness. Apple itself told this Court that the mandamus petition arises from the "very same district court proceedings," while Exhibit 1 shows that Appellants sought deferral precisely to avoid "duplicative and potentially inefficient briefing" pending disposition of the rehearing petition and "any promptly sought further review." Where a pending mandamus proceeding may materially alter, narrow, or moot the issues to be briefed here, Ninth Circuit Rule 42-1 expressly permits the Court to take "such other action as it deems appropriate". A temporary abeyance is that narrower remedy. It preserves the appeal, avoids wasteful parallel briefing, and prevents the already imposed sanctions liability with deferred fee quantification from using the appellate process itself to deepen the very hardship challenged in No. 25-7761.

## CONCLUSION

Apple's motion follows a documented chronic pattern of avoiding core antitrust claims. Dismissal is a discretionary remedy reserved for cases of total abandonment. Appellants did not abandon this appeal; they acted to protect the case with the "extraordinary" measure of Mandamus. The Court should exercise its inherent power to control its docket, deny Apple's Motion to Dismiss, and stay the briefing schedule in No. 25-8111 until 14 days after the final resolution of the en banc mandamus petition in No. 25-7761.

Dated: March 16, 2026     AMERICAN WEALTH PROTECTION

           /s/ Keith Mathews

           KEITH MATHEWS
           1000 Elm Street #800
           Manchester, NH 03101
           (603) 622-8100
           *Attorneys for Petitioners*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limit of Fed. R. App. P. 32(a)(5) because it contains 1877 words.

2. This petition complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: March 16, 2026     AMERICAN WEALTH PROTECTION

           /s/ Keith Mathews

           KEITH MATHEWS
           1000 Elm Street #800
           Manchester, NH 03101
           (603) 622-8100
           *Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026, I electronically filed the foregoing Objection with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 16, 2026                    AMERICAN WEALTH PROTECTION

/s/ Keith Mathews
KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*