# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**CORONAVIRUS REPORTER CORPORATION, et al.,** Plaintiffs-Appellants,

v.

**APPLE INC.,** Defendant-Appellee.

No. 25-8111

(N.D. Cal. No. 3:24-cv-08660-EMC)

**DECLARATION OF KEITH A. MATHEWS IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AND CROSS-MOTION FOR STAY**

I, KEITH A. MATHEWS, declare as follows:

1. I am an attorney at law licensed to practice in the State of New Hampshire and am counsel of record for Appellants in this matter. I have personal knowledge of the facts set forth herein.

2. I submit this declaration pursuant to Ninth Circuit Rule 31-2.2(b) to explain the circumstances surrounding the opening brief deadline and to support Appellants' objection to Apple's motion.

3. The Appellants' opening brief was originally due on February 9, 2026.

4. <u>Circumstances of the Delay</u>: Prior to the expiration of the deadline, I engaged in internal discussions with my clients regarding the necessity of a stay or a stipulated extension of the briefing schedule. I can provide documentary evidence of such discussions if so requested by the Court. We recognized that the related mandamus proceeding (*In re Coronavirus Reporter Corp.*, No. 25-7761) challenged threshold structural failures and 'deferred sanctions' that directly impact the fairness and necessity of this merits appeal.

5. <u>Diligence and Good Faith:</u> We anticipated filing a streamlined request for a 30-day extension while we attempted to negotiate a coordination of the two dockets with Appellee Apple Inc. ("Apple"). We accidentally omitted to file that formal motion before February 9. This was a byproduct of our focus on the extraordinary mandamus relief and a good faith belief that we could resolve a complex appellate posture by stipulation to avoid burdening the Court with duplicative filings.

6. <u>Opposing Counsel's Position:</u> On March 6, 2026, I contacted counsel for Apple to request a stipulated extension or abeyance pending the en banc mandamus decision. Apple declined to respond to my email and filed a Motion to Dismiss later that same day.

7. <u>Hardship Imposed</u>: I am a small town lawyer in New England. In the underlying case docket, I already issued a sworn statement that $400,000 of strategic, retaliatory fees sought by Apple to prevent petitioning for Sherman Act compliance would cause my firm material hardship. My understanding is that Gibson Dunn would charge Apple legal fees in the multi-million dollar range for defending this de novo appeal. Given the unusual case posture, the liability for those fees would be ruinous. Hence, a stay on this appeal, pending ruling on the *Erie* Doctrine/CCP § 425.16 Anti-SLAPP issues in the appeal is critical to my ability to proceed with this appeal.

8. California's Anti-SLAPP statute is a substantive protection designed to prevent exactly this type of financial hardship against petitioning, by staying proceedings before such costs accrue. Forcing Appellants to embark on a multi-year, multi-million dollar merits appeal while the Anti-SLAPP issues remain under active review would effectively abolish the immunity the statute was intended to provide.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of March, 2026, at Manchester, New Hampshire.

/s/ Keith A. Mathews

Keith A. Mathews