No. 25-8111

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

CORONAVIRUS REPORTER CORP., et al.,

*Appellant*,

*v.*

APPLE INC.,

*Appellee.*

_____

On Appeal from the United States District Court
for the Northern District of California (Hon. Edward M. Chen)
No. 3:24-cv-08660-EMC

_____

**REPLY IN SUPPORT OF MOTION TO DISMISS**

_____

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 393-8200
JKleinbrodt@gibsondunn.com

*Attorneys for Apple Inc.*

Appellants provide no "extraordinary circumstances" justifying their failure to file an opening brief in this case. *Escobar-Ramos v. I.N.S.*, 927 F.2d 482, 485 (9th Cir. 1991). Their principal excuse is that they missed their deadline because they were focused on pursuing a separate writ of mandamus. Opp. 4, 6–8. But that proceeding, which challenges the district court's imposition of sanctions, is distinct from this appeal of the district court's dismissal of the case under *res judicata*. *See* Mot. 1. What is more, Appellants petitioned for a writ in December 2025, and the Court denied that petition the following month—well before Appellants' February 9, 2026 deadline to file an opening brief in this appeal. *See Coronavirus Reporter Corp. v. U.S. Dist. Ct. for the N. Dist. of Cal.*, No. 25-7761, Dkt. 9 (9th Cir. Jan. 28, 2026). That Appellants chose to prioritize a frivolous rehearing petition in their mandamus proceeding, and ignore their obligations in this appeal, is not an extraordinary circumstance justifying relief.[1]

---

[1] Appellants also misrepresent the import of the district court's sanctions order. They say that "every procedural step increases an unquantified multimillion-dollar liability," suggesting Apple will seek to recover as sanctions fees incurred after the district court's dismissal order. Opp. 8. That is incorrect: As Apple explained in a recent filing, Dist. Ct. Dkt. 108 at 1, it seeks as sanctions an amount less than what it spent to litigate the case to judgment below. Apple seeks *no* fees for work done after the district court issued the sanctions order, and it requests far less than the "multi-million dollar" fee award that Appellants claimed Apple would seek. Opp. 8.

Nor do Appellants provide any other justification for their violation of the Court's Time Schedule Order. They first point to the filing of a securities complaint by a different plaintiff—an irrelevant proceeding that has nothing to do with their failure to timely prosecute this appeal. *See* Opp. 2 (citing *City of Hollywood Police Officers' Ret. Sys. v. Cook*, No. 5:26-cv-01724, Dkt. 1 (N.D. Cal. Feb. 27, 2026)). According to Appellants, *City of Hollywood* asserts securities claims arising from a Department of Justice antitrust action and "the Epic Games contempt record." No. 25-7761, Dkt. 12.1 at 2 (9th Cir. Mar. 22, 2026). But courts have already rejected Appellants' attempts to relate this case to those ones. *See* D. Ct. Dkt. 37 (order by Judicial Panel on Multidistrict Litigation denying motion to relate this case to the MDL following the Department of Justice's complaint); D. Ct. Dkt. 93 (order denying motion to relate this case to *Epic Games*). That Appellants submitted a Rule 28(j) letter yesterday in their already-denied mandamus action, rather than moving to file an out-of-time brief here, only underscores their ongoing, inexcusable failure to prosecute this appeal.

Next, Appellants suggest that their failure to seek an extension was excusable neglect because they discussed "the necessity of a stay" amongst themselves. Opp. 3, 8. But this Court's scheduling order was clear: Appellants needed to file their opening brief by February 9, 2026, and "[f]ailure of the appellant to comply

2

with the time schedule order may result in automatic dismissal of the appeal."
Dkt. 2.1 at 2–3.

This is the fourth appeal, arising from the ninth complaint, that Appellants have filed against Apple based on the same, repeatedly rejected theories. *See*, *e.g.*, *Coronavirus Reporter v. Apple Inc.*, 85 F.4th 948, 957 (9th Cir. 2023); *Isaacs v. Apple Inc.*, No. 24-7280, Dkt. 14 (9th Cir. Apr. 25, 2025) (granting motion for summary disposition of appeal under Fed. R. Civ. P. 60(b)). Appellants still have not filed an opening brief or even a motion to extend their briefing deadline—even though over seven months have passed since the district court dismissed their complaint on June 25, 2025. Opp. 4; *see* Dist. Ct. Dkt. 82. Apple should not be further prejudiced by having to expend time and resources on this frivolous appeal, particularly as Appellants are unwilling to prosecute it in a timely manner and in compliance with this Court's orders. Apple respectfully requests that the Court dismiss this appeal.

Dated:  March 23, 2026

Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt

Rachel S. Brass
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105
(415) 393-8200
JKleinbrodt@gibsondunn.com

*Attorneys for Apple Inc.*

3

## CERTIFICATE OF COMPLIANCE

I certify that this motion contains 681 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionately spaced 14-point Times New Roman typeface using Microsoft Word.

Dated:  March 23, 2026                    Respectfully submitted,

                                          /s/ *Julian W. Kleinbrodt*
                                          Julian W. Kleinbrodt

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Reply in Support of Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 23, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  March 23, 2026

Respectfully submitted,

/s/ *Julian W. Kleinbrodt*
Julian W. Kleinbrodt