No. 25 - 8111

## In the United States Court of Appeals for the Ninth Circuit

CORONAVIRUS REPORTER CORPORATION, CALID INC., and GREENFLIGHT VENTURE CORPORATION,

*Plaintiffs-Appellants,*

*v.*

APPLE INC.

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:24-cv-08660 (Chen, J)

## REPLY IN SUPPORT OF CROSS-MOTION TO STAY

KEITH MATHEWS
AMERICAN WEALTH PROTECTION
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*

## INTRODUCTION

In its responsive brief, Apple focuses on a several week delay in filing, yet it remains significantly silent regarding the central necessity of the requested stay. This omission should be treated as a functional concession; Apple offers no substantive reason why judicial economy, let alone fundamental fairness, would not be served by staying this appeal until the En Banc Court determines whether the underlying record has been compromised by a structural failure.

Under Federal Rule of Appellate Procedure 27(a)(3)(B), a response may include a motion for affirmative relief, and the title of the response must alert the court to the request. Appellants complied with this rule by captioning their filing as an "Opposition to Motion to Dismiss & Cross-Motion to Stay" [Dkt. 10.1]. Apple failed to offer any substantive opposition to this cross-motion in its reply [Dkt. 11.1].

### I.  The Liquidation of Coercive and/or Oppressive Sanctions

The irreparable threat identified in the pending En Banc Mandamus petition (No. 25-7761) is no longer a matter of speculation; it has been liquidated into a concrete demand for nearly one million dollars. On March 23, 2026, Apple moved to finalize these fees, a sum that is approximately double the initial $400,000 figure that Appellants previously identified as a crippling hardship. This staggering escalation is the direct result of Petitioners' invocation of CA 425 Anti-SLAPP protections and

the subsequent pre-appellate reconsideration motions. This unjust demand[1], orchestrated by Gibson Dunn, represents a life-altering financial execution that exceeds the entire collective net worth and lifetime savings of the entities being sanctioned, including Undersigned counsel.

Moreover, the oppression inherent in this process remains active and compounding. Apple has yet to address the District Court's invitation for a "vexatious litigant" motion, leaving it as a looming threat intended to further stifle Appellants' access to the courts. Given that Apple has previously included Ninth Circuit appeals and even *certiorari* petitions as relevant "duplicative filings under 28 U.S.C. § 1927," and considering their reply last week still purports this appeal as being frivolous, it is at least a concerning possibility that the current fees demand may compound beyond its current level.

Appellants are currently forced to navigate this distressing threat while under significant filing restraints in the District Court, creating a procedural void where

---

[1] Apple recently submitted its "Phase I" and "Phase II" fee requests under seal. However, the total scope of liability remains dangerously unliquidated. The District Court has invited a vexatious litigant motion, and Apple has conspicuously failed to waive its right to seek "Phase III" fees under 28 U.S.C. § 1927 for this very appeal. Appellants are severely prejudiced in their ability to challenge this escalating, punitive fee structure due to filing restraints imposed by the District Court. A stay is the only mechanism to halt this compounding procedural prejudice while the lower court record is finalized.

they have limited options to even oppose the 'reasonableness' of these fees without risking further citations for contempt. This is not a standard litigation environment; it is a manifest abuse of the judicial process. To compel merits briefing now, while the District Court finalizes a staggering penalty that grows with every word filed, is to deny the Appellants any semblance of due process. The Court should stay this appeal until the structural conflict between the District Court's fee liquidation and the En Banc Mandamus is resolved.

## II. Alternatively, a Stay is Independently Warranted to Avoid Piecemeal Appeals

Even if the Court declines to stay this appeal pending the final resolution of the En Banc Mandamus, a stay of the briefing schedule is independently warranted to preserve judicial economy. As noted, the District Court is currently processing a sanctions award that is inextricably linked to the merits of this appeal. Judicial economy strongly favors staying the current opening brief deadline until the District Court issues at least its first fee order, allowing Appellants to consolidate the merits and the initial fee award into a single, unified appellate proceeding. To force merits briefing now guarantees fragmented, piecemeal appeals over the same underlying conduct.

## CONCLUSION

To compel merits briefing now, while the District Court finalizes a million dollar punishment that grows with every word filed, is to deny Appellants any semblance of due process. The Court should grant the Cross-Motion and stay this appeal until the structural conflict and compounding fee liabilities are resolved.

Dated: March 30, 2026     AMERICAN WEALTH PROTECTION

/s/ Keith Mathews
KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*

## CERTIFICATE OF COMPLIANCE

1. This Reply complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because it contains 802 words.

2. This Reply complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: March 30, 2026     AMERICAN WEALTH PROTECTION

/s/ Keith Mathews
KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed the foregoing Reply with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 30, 2026

AMERICAN WEALTH PROTECTION

/s/ Keith Mathews
KEITH MATHEWS
1000 Elm Street #800
Manchester, NH 03101
(603) 622-8100
*Attorneys for Appellants*